IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARBI SEMIANI,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, US GOV DOS, US Consul. Consular affairs legal adviser; US DOJ, USAO FBI Legal Attache; US DHS USCIS, USCIS VSC; and CALIFORNIAN SUP. COURT, with Clerk's Office;<br><br>                Defendants. | **8:22CV220**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Larbi Semiani filed a Complaint on June 21, 2022. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the United States, various federal agencies, and a California Superior Court asserting violations of his "human and civil rights," including a First Amendment violation, as well as alleged violations of various federal criminal statutes. Filing No. 1 at 4. Plaintiff, who resides in Algeria, alleges he has received summons requesting his appearance in a California state court where he is a defendant in a family law and domestic violence case. Id. at 5. Plaintiff was not permitted reentry into the United States to defend himself in the state court proceeding and was denied a "U visa" as well as a "T visa" based on his "race and origin." Id. Plaintiff believes the "USA betrayed [him] and

destroyed [his] health" and seeks damages in the amount of $533,600.00 for deprivation of his property and for "sanctions of obstruction of justice." Id. at 7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff has a history of filing claims similar to those alleged in this matter in other federal courts throughout the country, including in this Court. See *Semiani v. United States*, No. 8:13CV205, 2013 WL 3994802 (D. Neb. Aug. 5, 2013) (noting Plaintiff's history of filing similar suits and citing cases).

> Since 2005, Semiani has filed well over a dozen actions in federal courts in New York, the District of Columbia, California, Nebraska, and the Court of Federal Claims. All of these actions are based upon the same facts set forth in his current pleading and seeking essentially the same relief. Each have been promptly dismissed on various grounds, including Semiani's lack of standing to assert claims under federal criminal statutes, the sovereign immunity enjoyed by the United States, lack of subject matter jurisdiction to entertain a claim denying a request for an immigration visa, and failure to satisfy the minimum pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. In those instances where Semiani sought appellate review, these determinations were affirmed in every case. *Semiani v. United States*, No. 1:09-cv-387 (D.D.C.), *aff'd*, No. 09-5130 (D.C. Cir. 2009); *Semiani v. United States Fed. Gov't.*, No. 2:10-cv-6498 (C.D. Cal. 2010); *Semiani v. USA Federal Gov't.*, No. 1:10-cv-9624 (S.D.N.Y. 2010), *aff'd*, No. 11-1268 (2d Cir. 2011); *Semiani v. U.S. Dept. of States*, No. 2:12-cv-1726 (C.D. Cal. 2012); *Semiani v. United States*, No. 1:12-cv-598 (C.O.F.C. 2012); *Semiani v. United States*, No. 1:13-cv-217 (D.D.C.), affd, No. 13-5083 (2d Cir. 2013); *Semiani v. United States*, No. 8:13-cv-205 (D. Neb. 2013); *Semiani v. United States Dept. of State*, No. 1:13-cv-1180 (D.D.C. 2013); *Semiani v. United States*, No. 1:14-cv-463 (D.D.C. 2014); *Semiani v. United States*, No. 1:14-cv-875 (D.D.C. 2014), *aff'd*, 14-5198 (D.C. Cir. 2015); *Semiani v. United States*, No. 1:15-cv-669 (D.D.C. 2015); *Semiani v. United States*, No. 1:16-cv-2850 (S.D.N.Y. 2016).

*Semiani v. U.S.A.*, No. 3:19-CV-168-YY, 2019 WL 570732, at *1–2 (D. Or. Feb. 11, 2019) (quoting *Semiani v. United States*, No. 16-1724, 2016 WL 6879574, at *1 (W.D. Pa. Nov. 22, 2016)). Based on this Court's review of the Public Access to Court Electronic Records ("PACER") service, Plaintiff has filed 29 cases in 8 district courts and the U.S. Court of Federal Claims since 2005 and has pursued 9 appeals in the Second, Fifth, Sixth, Federal, and D.C. Circuits.

3

Plaintiff's Complaint is duplicative of the numerous cases he has filed in other jurisdictions, as well as the previous case he filed in this Court at Case No. 8:13CV205. As with those other cases, Plaintiff has failed to present a claim upon which relief may be granted.

> Plaintiff has been repeatedly advised that a federal court cannot review the denial of a visa. See Semiani, 2016 WL 6879574, at *3 (citing Semiani v. United States, 5:16-cv-160, ECF No. 5 at 3 (E.D. Ky. May 25, 2016)); Semiani v. United States, No. CIV. A. 09 0387, 2009 WL 498051, at *1 (D.D.C. Feb. 26, 2009), aff'd, 575 F.3d 715 (D.C. Cir. 2009); Semiani v. United States, No. 8:13CV205, 2013 WL 3994802, at *2 (D. Neb. Aug. 5, 2013). Plaintiff also has been advised that the United States generally enjoys immunity from suit, yet he has failed to identify any way in which the United States has waived immunity. Semiani, 2016 WL 6879574, at *3. Despite being repeatedly advised of these deficiencies, plaintiff persists in filing the same law suit.

Semiani, 2019 WL 570732, at *2. Accordingly, the Court will dismiss Plaintiff's Complaint with prejudice because it is frivolous and malicious.

Moreover, this Court specifically warned Plaintiff that it would "not tolerate his continued filing of frivolous and malicious complaints" and "[i]f Plaintiff file[d] a future lawsuit relating to the denial of a visa in this court, it may result in the issuance of an order barring the acceptance of any future complaints without first obtaining the court's leave to file a new action." Semiani v. United States, No. 8:13CV205, 2013 WL 3994802, at *2 (D. Neb. Aug. 5, 2013). Because Plaintiff has ignored the Court's previous admonition, the Court will impose filing restrictions upon Plaintiff as follows: from this point forward, Larbi Semiani shall file no further pro se cases in the United States District Court of the District of Nebraska regarding Semiani's denial of a visa to enter the United States without first seeking leave of the Court to do so as set forth below. If Plaintiff proposes to file a pro se complaint regarding the denial of a visa which lacks a legal basis and is duplicative

of his prior cases, the Court will direct the Clerk of Court to return the proposed complaint to Plaintiff without filing it.

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice because it is frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2). Leave to amend Plaintiff's Complaint shall not be granted because such amendment would be futile.

2. The Court imposes the following filing restrictions upon Plaintiff: from the date of this Memorandum and Order and going forward, Larbi Semiani shall file no further pro se cases in the United States District Court of the District of Nebraska regarding Semiani's denial of a visa to enter the United States.

3. Any future case proposed to be filed in this Court by Larbi Semiani shall be referred to the Supervising Pro Se Judge for review before filing, and the Clerk of Court is directed not to file any such case until this review has been completed. If Plaintiff proposes to file a pro se complaint regarding the denial of a visa which lacks a legal basis and is duplicative of his prior cases, the Court will direct the Clerk of Court to return the proposed complaint to Plaintiff without filing it.

4. Plaintiff's pending motions requesting entry of a default judgment, Filing No. 7, Filing No. 8, Filing No. 10, are denied as moot.

5. A separate judgment shall be entered.

Dated this 30th day of December, 2022.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge